Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001134
12-JAN-2016
10:03 AM

NO. CAAP-14-0001134

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


U.S. BANK N.A. IN ITS CAPACITY AS TRUSTEE FOR
THE REGISTERED HOLDERS OF MASTR ASSET BACKED
SECURITIES TRUST 2005-NC1, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-NC1, Plaintiff-Appellee,
v.
JOSEPH KEAOULA MATTOS, CHANELLE LEOLA
MENESES, Defendants-Appellants,
and
CITIFINANCIAL, INC., ASSOCIATION OF APARTMENT
OWNERS OF TERRAZZA/CORTEBELLA/LAS BRISIS/TIBURON,
EWA BY GENTRY COMMUNITY ASSOCIATION, Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10, and
DOE GOVERNMENTAL UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1539)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Defendants-Appellants Joseph Keaoula Mattos and
Chanelle Leola Meneses (together, **Appellants**) appeal from the (1)
August 26, 2014 "Findings of Fact, Conclusions of Law and Order
Granting Plaintiff's Motion for Summary Judgment and Decree of
Foreclosure Against All Defendants on Complaint Filed July 21,
2011" and (2) August 26, 2014 "Judgment on Findings of Fact,
Conclusions of Law and Order Granting Plaintiff's Motion for
Summary Judgment and Decree of Foreclosure Against All Defendants

on Complaint Filed July 21, 2011," both entered in the Circuit Court of the First Circuit[1] (**circuit court**).

On appeal, Appellants argue that the circuit court erred when it (1) held that Plaintiff-Appellee U.S. Bank N.A. in its Capacity as Trustee for the Registered Holders of the Mastr Asset Backed Securities Trust 2005-NC1, Mortgage Pass-Through Certificates, Series 2005-NC1 (**U.S. Bank**) "did not need to prove that it had standing to judicially foreclose on the subject property prior to filing its complaint" and (2) granted summary judgment in U.S. Bank's favor.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Appellants' appeal is without merit.

(1) Appellants contend U.S. Bank lacked standing to foreclose on the Mortgage because the Assignment of Mortgage (**AOM**), dated January 3, 2007, and Second Assignment of Mortgage (**Second AOM**), dated September 29, 2010, contained "fatal flaws."

First, Appellants contend the AOM and Second AOM were invalid because the signer and notary were "robo-signers." Appellants' "Opposition to [U.S. Bank's] Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed July 21, 2011" failed to assert facts or law explaining how the alleged "robo-signing" caused them harm or damages. See U.S. Bank Nat'l Ass'n v. Benoist, No. CAAP-14-0001176 at *4 (App. Nov. 12, 2015) (SDO); see also Nastrom v. New Century Mortg. Corp., 2012 WL 2090145, at *6 (E.D. Cal. June 8, 2012) (dismissing claim where "Plaintiffs offer[ed] no factual allegations (or legal theory) indicating how the alleged robo-signing of documents which assigned the subject loans harmed Plaintiffs."); Block v. BAC Home Loans Servicing LP, 2012 WL 2031640, at *4 (E.D. Mich. June 6, 2012) ("Plaintiffs' vague and speculative assertions of what has been labeled as 'robo-signing' are insufficient to state a plausible claim of fraud or

---

[1] The Honorable Bert I. Ayabe presided.

2

irregularity."). This court has previously held that "such conclusory assertions of 'robo-signing' fail to state a plausible claim." Benoist, SDO at *4 (internal quotation marks omitted) (quoting Lee v. Mortgage Elec. Registration Sys., Inc., 2012 WL 2467085, at *5 (D. Hawai'i 2012)) (rejecting an identical "robo-signing" argument); see Nottage v. Bank of New York Mellon, 2012 WL 5305506, at *6 (D. Hawai'i 2012) (summarizing case law where courts have rejected "robo-signing" argument).

Second, Appellants contend U.S. Bank lacked standing to foreclose on the Mortgage because the AOM and Second AOM violated the securitized trust's Pooling and Servicing Agreement (**PSA**) when it attempted to assign the Mortgage to U.S. Bank after the securitized trust had closed. "Typically, borrowers do not have standing to challenge the validity of an assignment of [their] loans because they are not parties to the agreement and because noncompliance with a trust's governing document is irrelevant to the assignee's standing to foreclose." U.S. Bank Nat'l Ass'n v. Salvacion, 134 Hawai'i 170, 175, 338 P.3d 1185, 1190 (App. 2014). "Hawai'i courts may recognize exceptions when a challenge would deem the assignment void, not voidable." Salvacion, 134 Hawai'i at 175, 338 P.3d at 1190; see Benoist, SDO at *2 (holding that an identical PSA argument was without merit). This court, however, has held that the non-compliance with a PSA does not render the assignment void. Given our holding in Salvacion, Appellants have no standing to challenge U.S. Bank's alleged noncompliance with the PSA.

Third, Appellants argue that U.S. Bank lacked standing to foreclose on the Mortgage because New Century Mortgage Corporation (**New Century**) did not assign the underlying Note to U.S. Bank and, therefore, U.S. Bank "could not show that it represented a party with a legal chain of ownership." In response, U.S. Bank argues that U.S. Bank was the holder of the Note and, therefore, was entitled to foreclose the Mortgage as a matter of law.

"In order to enforce a note and mortgage under Hawaii law, a creditor must be 'a person entitled to enforce' the note. One person entitled to enforce an instrument is a 'holder' of the

instrument. A 'holder' is the 'person in possession of a negotiable instrument.'" In re Tyrell, 528 B.R. 790, 794 (Bankr. D. Haw. 2015) (citing Hawaii Revised Statute (**HRS**) § 490:3-301 (2008 Repl.)[2] and HRS § 490:1-201(b) (2008 Repl.)[3]).

In support of its "Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed July 21, 2011" (**U.S. Bank's MSJ**), U.S. Bank submitted the declaration of Richard Work (**Work**), the Contract Management Coordinator of Ocwen Loan Servicing, LLC (**Ocwen**).[4] Work's declaration stated:

> 5) According to the Ocwen Records, [U.S. Bank] is in possession of an original promissory note dated October 15, 2004, in the principal amount of Two Hundred Ninety-Six Thousand and 00/100 Dollars ($296,000.00) executed by [Joseph Keaoula Mattos] in favor of [New Century]. A true and correct copy of the Note is attached hereto as Exhibit 1.
>
> 6) The Note has been endorsed to [U.S. Bank] by Ocwen acting as the attorney-in-fact for [New Century]. A true and correct

---

[2] HRS § 490:3-301 provides:

> **§490:3-301 Person entitled to enforce instrument.** "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 490:3-309 or 490:3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

[3] HRS § 490:1-201(b) provides, in relevant part:

> **§490-1-201 General definitions.**
>
> . . . .
>
> "Holder" means:
>
> (1) The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession;
>
> (2) The person in possession of a negotiable tangible document of title if the goods are deliverable either to bearer or to the order of the person in possession; or
>
> (3) The person in control of a negotiable electronic document of title.

[4] Ocwen had limited power of attorney to act as New Century's loan servicer, per an agreement signed and dated March 2, 2005.

copy of the Limited Power of Attorney designating Ocwen as New Century's attorney-in-fact is attached hereto as Exhibit 2.

(Emphases added.)

U.S. Bank's exhibits included an allonge,[5] which was executed by Ocwen on June 22, 2010. The allonge transferred the Note to U.S. Bank and instructed, "Pay to the order of [U.S. Bank.]" The allonge also indicated that "[a]s a result of said transfer, [New Century] has no further interest in the Note."

Because the allonge indicated the Note was now payable to U.S. Bank, U.S. Bank was the holder of the Note at the time it filed this foreclosure action on July 21, 2011. See HRS § 490:1-201 ("'Holder' means . . . [t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]"). Therefore, Appellants' argument that U.S. Bank was without standing to enforce the Note is without merit. See HRS § 490:3-301.

(2) Appellants argue that the circuit court erred in granting summary judgment in U.S. Bank's favor because U.S. Bank's declarations and exhibits failed to comply with Hawai'i Rules of Civil Procedure (**HRCP**) Rule 56(e). Specifically, Appellants contend the circuit court erred in relying on Work's declaration because his declaration "did <u>not</u> rise to the level of an 'Affidavit' as required in HRCP [Rule] 56(e)."[6] Appellants'

---

[5] "An 'allonge' is defined as 'a slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements.'" <u>Mortgage Elec. Registration Sys., Inc. v. Wise</u>, 130 Hawai'i 11, 14 n.6, 304 P.3d 1192, 1195 n.6 (2013), <u>as amended</u> July 10, 2013 (quoting Black's Law Dictionary 88 (9th ed. 2009)) (brackets omitted).

[6] HRCP Rule 56(e) provides, in relevant part:

**Rule 56.     SUMMARY JUDGMENT.**

. . . .

(e) **Form of affidavits; further testimony; defense required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

argument that U.S. Bank's declarations do not satisfy HRCP Rule 56(e) is without merit.

Rules of the Circuit Court (**RCCH**) Rule 7(g) explicitly provides:

> Rule 7.        FORMS OF MOTIONS.
>
>     . . . .
>
>         (g) **Declaration in lieu of affidavit.** In lieu of an affidavit, an unsworn declaration may be made by a person, in writing, subscribed as true under penalty of law, and dated, in substantially the following form:
>
>             I, (<u>name of person</u>), do declare under penalty of law that the foregoing is true and correct.
>
>             Dated:
>
>             _____
>             (Signature)

Work signed his declaration and declared, under the penalty of law, that the statements found within the declaration were "true and correct, to the best of [his] knowledge and belief." Work's declaration indicated that he had "personal knowledge of the facts and matters stated herein based on [his] review of the business records . . . ." Furthermore, all documents to which Work's declaration referenced--including the Note, allonge, Mortgage, AOM, Second AOM, limited power of attorney agreement, and affidavit of debt--were certified as true copies and attached as exhibits to U.S. Bank's MSJ. Work's declaration, therefore, was sufficient under RCCH Rule 7(g) and HRCP Rule 56(e).

Appellants also argue that U.S. Bank's exhibits failed to satisfy HRCP Rule 56(e) because they were not certified by U.S. Bank's custodian of records and were not sworn or certified copies. Hawaii Rules of Evidence (**HRE**) does not require the documents be certified by U.S. Bank's custodian of records, as Appellants suggest.

HRE Rule 803(b)(6) (Supp. 2015) provides:

> Rule 803  **Hearsay exceptions; availability of declarant immaterial.**
>
>     . . . .
>
> (b)    Other exceptions.
>
>     . . . .

> (6)     Records of regularly conducted activity. A
> memorandum, report, record, or data compilation,
> in any form, of acts, events, conditions,
> opinions, or diagnoses, made in the course of a
> regularly conducted activity, at or near the
> time of the acts, events, conditions, opinions,
> or diagnoses, as shown by the
> testimony of the custodian or other qualified
> witness, or by certification that complies with
> rule 902(11) or a statute permitting
> certification, unless the sources of information
> or other circumstances indicate lack of
> trustworthiness.

The Hawai'i Supreme Court has held that a "qualified witness" can authenticate a document as a record of regularly conducted activity pursuant HRE Rule 803(b)(6) "even if he or she is not an employee of the business that created the document, or has no direct, personal knowledge of how the document was created." State v. Fitzwater, 122 Hawai'i 354, 366, 227 P.3d 520, 532 (2010), as amended Apr. 5, 2010. In Fitzwater, the supreme court noted that to be a "qualified witness"

> [t]he witness need only have enough familiarity with the
> record-keeping system of the business in question to explain
> how the record came into existence in the ordinary course of
> business. The witness need not have personal knowledge of
> the actual creation of the documents or have personally
> assembled the records. In fact, the witness need not even be
> an employee of the record-keeping entity as long as the
> witness understands the entity's record-keeping system.
>
> There is no requirement that the records have been
> prepared by the entity that has custody of them, as
> long as they were created in the regular course of
> some entity's business.

Id. (quoting 5 Joseph McLaughlin, Weinstein's Federal Evidence § 803.08[8][a] (2d ed. 2009)).

Work's declaration stated that he had access to and was familiar with Appellants' loan records through the regular performance of his job. Furthermore, Work's declaration indicated the documents to which he referred to in preparing his declaration were "maintained in the regular course of Ocwen's business consistent with Ocwen's regular practices . . . at or near the time of the transactions documented by a person with knowledge of the transactions or from information transmitted by such a person." Thus, the documents constituted "records of regularly conducted activity" that were admissible as a hearsay exception, pursuant to HRE Rule 803(b)(6). The circuit court,

therefore, did not err in relying upon the documents when it granted summary judgment in U.S. Bank's favor.[7]

Therefore,

IT IS HEREBY ORDERED that the (1) August 26, 2014 "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed July 21, 2011" and (2) August 26, 2014 "Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed July 21, 2011," both entered in the Circuit Court of the First Circuit, are affirmed.

DATED: Honolulu, Hawai'i, January 12, 2016.

On the briefs:

Melodie Aduja
(Aduja & Aduja)
for Defendants-Appellants.

Paul Alston
J. Blaine Rogers
Kee M. Campbell
(Alston Hunt Floyd & Ing)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[7] Appellants also challenge the declaration of Robert M. Ehrhorn, Jr. (**Ehrhorn**). Insofar as U.S. Bank sufficiently showed that no genuine issue of material fact existed as to whether it was entitled to foreclose on Appellants' Property through Work's declaration and exhibits, Appellants' challenge to Ehrhorn's declaration and exhibits have no bearing on the issues before this court.

8